UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| TORY D. WARD, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 2:24-cv-00012-JMS-MG |
| ) | |
| WARDEN, ) | |
| ) | |
| Respondent. ) | |

**ORDER GRANTING MOTION TO DISMISS PETITION FOR A WRIT OF HABEAS CORPUS AND DENYING CERTIFICATE OF APPEALABILITY**

Petitioner Tory D. Ward was convicted of dealing in methamphetamine and dealing in a synthetic drug in Vanderburg County, Indiana, in 2015. He now seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The respondent argues that the petition must be denied because it is time-barred and because his claims are procedurally defaulted.

Because Mr. Ward filed his petition beyond the one-year time limitation and is not entitled to equitable tolling, the respondent's motion to dismiss, dkt. [9], is **granted,** and Mr. Ward's petition for a writ of habeas corpus is **dismissed with prejudice**.[1] In addition, the Court finds that a certificate of appealability should not issue.

### I. Background

Federal habeas review requires the Court to "presume that the state court's factual determinations are correct unless the petitioner rebuts the presumption by clear and convincing evidence." *Perez-Gonzalez v. Lashbrook*, 904 F.3d 557, 562 (7th Cir. 2018); *see* 28 U.S.C. § 2254(e)(1). The Indiana Court of Appeals summarized the relevant facts and procedural history

---

[1] Because the Court finds that Mr. Ward's petition is time-barred, it need not address the respondent's alternative argument that his claims are procedurally defaulted.

as follows:

> Around May 27, 2015, Jordan Best met Ward and between that date and the day of the arrest, June 13, 2015, the two sold methamphetamine together. On June 8, 2015, Best and Ward left for Texas along with Erin Lance, another dealer for Ward. Best was told that they were going to Texas to get more methamphetamine to sell because their supply had run out. Lance was given a similar reason for going to Texas in that they were going to network and "check out some prices and basically just trying to bring stuff back." The three of them stayed with Ward's family while in Texas. At one point, Ward returned to his family's house with an ounce of MDMA[, also known as "Molly,"] … for him, Best, and Lance to try.
>
> On June 13, 2015, the trio left Texas and stopped at Ward's sister's house before returning to Evansville. When Ward got back in the car from his sister's house he had four ounces of Molly. As the trio approached Evansville, they were stopped by police. At this point, Ward threw the Molly on Lance's lap and "demanded her to take it." Lance hid the drugs in her pants, but when a female police officer approached to search her, Lance gave the police the drugs. Additionally, there was a K–9 officer that indicated the presence of drugs in the vehicle. After the stop, Best and Ward were taken to the Vanderburgh County Jail. At the jail, Ward was searched by Corrections Officer Jeremy Elliot. During the search, Elliot found a bag "between [Ward's] buttocks" that contained about twenty-six grams of a white crystal substance.
>
> Rebecca Nickless, a Forensic Scientist with the Indiana State Police Lab, analyzed the drugs involved in this case. She found that the bag of drugs retrieved from Ward's person, labeled as State's Exhibit # 1, contained ethylone and had a net weight of 23.38 grams. State's Exhibits # 2 and # 3, the drugs found on Lance, were analyzed as well. State's Exhibit # 2 was ethylone and had a net weight of 111.37 grams. Finally, State's Exhibit # 3 contained pills made from methamphetamine and weighed over 10 grams which was more than is required under law to meet the statutory elements.
>
> On June 15, 2015, … the State of Indiana … charged Ward with Level 2 felony dealing in methamphetamine, Level 2 felony dealing in a schedule 1 controlled substance, ethylone, and Level 5 felony trafficking with an inmate.
>
> Following trial, the jury found Ward guilty of Level 2 felony dealing in methamphetamine and Level 2 felony dealing in a schedule 1 controlled substance, ethylone, but not guilty of Level 5 felony trafficking with an inmate. On November 24, 2015, the trial court sentenced Ward to an aggregate sentence of twenty-six years of incarceration.

*Ward. v State*, 2016 WL 6805617, *1-2 (Ind. Ct. App. Nov. 17, 2016) (record citations removed) (in the record at dkt. 9-5).

The Indiana Court of Appeals upheld Mr. Ward's convictions, and he did not file a petition to transfer to the Indiana Supreme Court. *See* dkt. 9-2 at 6. On October 3, 2017, he filed a petition for post-conviction relief. Dkt. 9-6 at 1. His petition pended until April 6, 2020, when the trial court granted his motion to withdraw it without prejudice. *Id*. at 3. On August 3, 2020, Mr. Ward filed another petition for post-conviction relief. Dkt. 9-7 at 1–2. The trial court granted his petition in part by vacating his conviction for Level 2 felony dealing in a controlled substance (Count II) and entered a conviction for Level 6 felony dealing in a synthetic drug. *Id*. at 6; dkt. 9-12 at 6. The court otherwise denied his petition. Dkt. 9-12 at 6-7.

On appeal, Mr. Ward argued that his convictions violated double jeopardy, that there was a variance in his charging information and the evidence presented at trial, and that the dealing in methamphetamine statute was unconstitutional. Dkt. 9-9. The Court of Appeals of Indiana found no double jeopardy violation. Dkt. 9-12 at 8–9. And it concluded that Mr. Ward had waived his other claims because he could have raised them on direct appeal. *Id*. at 9. The court affirmed the trial court. *Id*. at 10. Mr. Ward filed a petition to transfer to the Indiana Supreme Court, raising his double jeopardy and variance arguments. Dkt. 9-13. The court denied his petition to transfer on December 14, 2023. Dkt. 9-8 at 8. Mr. Ward placed his 28 U.S.C. § 2254 petition for a writ of habeas corpus in the prison mail system to be filed in this Court on January 5, 2024. Dkt. 2 at 6.

## II. Applicable Law

A federal court may grant habeas relief only if the petitioner demonstrates that he is in custody "in violation of the Constitution or laws . . . of the United States." 28 U.S.C. § 2254(a) (1996). In an attempt to "curb delays, to prevent 'retrials' on federal habeas, and to give effect to state convictions to the extent possible under law," Congress, as part of Antiterrorism and Effective Death Penalty Act ("AEDPA"), revised several statutes governing federal habeas relief. *Williams*

*v. Taylor*, 529 U.S. 362, 404 (2000). "Under 28 U.S.C. § 2244(d)(1)(A), a state prisoner seeking federal habeas relief has just one year after his conviction becomes final in state court to file his federal petition." *Gladney v. Pollard*, 799 F.3d 889, 894 (7th Cir. 2015). "The one-year clock is stopped, however, during the time the petitioner's 'properly filed' application for state postconviction relief 'is pending.'" *Day v. McDonough*, 547 U.S. 198, 201 (2006) (quoting 28 U.S.C. § 2244(d)(2)).

### III. Discussion

Mr. Ward's convictions became final on December 19, 2016, when his time to seek transfer to the Indiana Supreme Court on direct appeal expired. *Gonzalez v. Thaler*, 565 U.S. 134, 154, (2012) ("[W]ith respect to a state prisoner who does not seek review in a State's highest court, the judgment becomes "final" under § 2244(d)(1)(A) when the time for seeking such review expires."); Ind. App. R. 57(C)(1) (2016) (30 days from adverse decision to file petition).

His one-year period of limitation ran until he filed his petition for post-conviction relief on October 3, 2017. At that point, 287 untolled days had elapsed and 78 remained.[2]

A limitations period is tolled during the time in which the petitioner has pending a "properly filed application for State post-conviction or other collateral review." 28 U.S.C. § 2244(d)(2). Mr. Ward's limitations period remained tolled until April 6, 2020, when the trial court granted Mr. Ward's motion to withdraw his petition without prejudice. (Ex. 6 at 3). The one-year period of

---

[2] Respondent counts 288 untolled days during the relevant stretch. Dkt. 9 at 5−6. While this discrepancy may not affect the result here, it is worth pausing to correct because a similar error may matter in another case.

Mr. Ward's conviction became final on December 19, 2016. The first untolled day on the limitations clock was thus December 20, 2016. Mr. Ward filed his petition for post-conviction relief on October 3, 2017, so the limitation period was tolled beginning on that date. The last untolled day before the filing of the post-conviction petition was thus October 2, 2017. Counting from December 20, 2016, through October 2, 2017, including both the first and the last day, results in 287 untolled days.

limitation began running again on this date. The clock began to run again until it expired on June 23, 2020. Because his one-year period of limitations had already run out, there was no clock to stop when he filed his second state post-conviction petition on August 3, 2020. The following chart illustrates this:

| Conviction Final | December 19, 2016 | 365 days left in limitation period |
|---|---|---|
| State Post-Conviction Filed | October 3, 2017 | 78 days left in limitation period |
| Mr. Ward Withdraws State Petition (Clock Resumes) | April 6, 2020 | 78 days left in limitation period |
| Federal Habeas Petition Due | June 23, 2020 | 0 days left in limitation period |
| Second State Petition Filed (Did Not Stop Clock) | August 3, 2020 | 41 days beyond limitation period |
| Federal Habeas Petition Mailed | January 5, 2024 | more than 3 years beyond limitation period |

The one-year period of limitation expired on June 23, 2020. Mr. Ward did not file his petition for post-conviction relief until January 5, 2024, more than three years later. Although the limitations period is tolled during the time in which the petitioner has pending a "properly filed application for State post-conviction or other collateral review," 28 U.S.C. § 2244(d)(2), Mr. Ward's limitations period had already expired before he re-filed his state petition for post-conviction relief.

Mr. Ward's response argues that he is actually innocent. Dkt. 10. "[A] prisoner's proof of actual innocence may provide a gateway for federal habeas review of a procedurally defaulted claim of constitutional error." *McQuiggin v. Perkins*, 569 U.S. 383, 393 (2013) (citing *House v. Bell*, 547 U.S. 518, 537-38 (2006)). However, "tenable actual-innocence gateway pleas are rare." *Id*. at 386. To demonstrate actual innocence, a petitioner must show "'that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'" *Id*. (quoting *Schlup v. Delo*, 513 U.S. 298, 329 (1995)).

"'New evidence' in this context does not mean 'newly discovered evidence'; it just means evidence that was not presented at trial. And because an actual-innocence claim 'involves evidence the trial jury did not have before it, the inquiry requires the federal court to assess how reasonable jurors would react to the overall, newly supplemented record.'" *Jones v. Calloway*, 842 F.3d 454, 461 (7th Cir. 2016) (quoting *House*, 547 U.S. at 538).

Mr. Ward does not offer new evidence to support his actual innocence claim. Instead, he argues that "the same crystal-like substance" was used to support his convictions in both Count I and Count II. Dkt. 10 at 5. Respondent counters that Mr. Ward is simply confused about which drugs supported which charges. Dkt. 12.

Mr. Ward argues that he was charged with possession of methamphetamine in crystal form and MDMA in pill form. Dkt. 10 at 5. But a review of the charging information and trial transcript reveals that in Count 1, the State charged Mr. Ward with Level 2 felony dealing methamphetamine of at least 10 grams. The drugs supporting that charge, identified as Sate's Exhibit 3, were in pill form in baggies on the lap of Erin Lance when Mr. Ward was pulled over. Trial Tr. Vol II, dkt. 13-4 at 126 (p. 376).

In Count II, the State charged Mr. Ward with Level 2 felony dealing a Schedule I controlled substance. The drugs supporting that charge, identified as State's Exhibit 1, were in the form of a "white crystal like substance," and were also found in baggies on Ms. Lance's lap and in another baggie found during a search of Mr. Ward at the Jail. Trial Tr. Vol. II, dkt. 13-4 at 9 (p. 259), 101 (p. 351), 120-22 (pp. 370-72). Although the drug was first identified as MDMA, later testing revealed that it was ethylone and the charging information was updated to reflect that. *Id* at 122 (p. 372); Trial Tr. Vol 1., dkt. 13-3 at 6 (p. 5).

Mr. Ward complains that during trial the State changed its theory regarding Count I from methamphetamine in crystal form to pill form. Dkt. 10 at 5. But the charging information does not state any particular form of methamphetamine for Count I or form of MDMA (later updated to ethylone) for Count II. Dkt. 13-1 at 10-11. He further contends that the state post-conviction court's decision to reduce his Count II conviction from a Level 2 felony for dealing a Schedule I substance to a Level 6 felony for dealing a synthetic drug renders his Count I conviction for dealing methamphetamine unconstitutional. But the court's recognition that the drug used to support Count II was a synthetic drug had no impact on his Count I conviction for dealing methamphetamine.

Mr. Ward's petition is time-barred and he has not shown that no reasonable juror would have found him guilty in light of his "new evidence" arguments. His petition must therefore be **denied**.

## IV. Certificate of Appealability

"A state prisoner whose petition for a writ of habeas corpus is denied by a federal district court does not enjoy an absolute right to appeal." *Buck v. Davis*, 580 U.S. 100, 115 (2017). Instead, a state prisoner must first obtain a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1). "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.'" 28 U.S.C. § 2253(c)(2). In deciding whether a certificate of appealability should issue, "the only question is whether the applicant has shown that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Buck*, 580 U.S. at 115 (citation and quotation marks omitted). Where a claim is resolved on procedural grounds (such as timeliness), a certificate of appealability should issue only if

7

reasonable jurists could disagree about the merits of the underlying constitutional claim *and* about whether the procedural ruling was correct. *Flores-Ramirez v. Foster*, 811 F.3d 861, 865 (7th Cir. 2016) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Rule 11(a) of the Rules Governing Section 2254 Proceedings in the United States District Courts requires the district court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Mr. Ward's petition was filed beyond the expiration of the one-year statutory limitations period, and he has not demonstrated that he is actually innocent. Jurists of reason would not disagree with this Court's resolution of this claim and nothing about the claim deserves encouragement to proceed further.

The Court therefore **denies** a certificate of appealability.

### V. Conclusion

Mr. Ward has not shown the existence of circumstances permitting him to overcome the expiration of the one-year time limitation, and hence is not entitled to the relief he seeks. The respondent's motion to dismiss, dkt. [9], is therefore **granted** and the petition for a writ of habeas corpus is **dismissed with prejudice**. *Pavlovsky v. VanNatta*, 431 F.3d 1063, 1064 (7th Cir. 2005) ("[t]he dismissal of a suit as untimely is a dismissal on the merits, and so should ordinarily be made with prejudice"). No certificate of appealability shall issue.

Judgment consistent with this Order shall now issue.

**IT IS SO ORDERED**.

Date: 7/17/2024

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

TORY D. WARD
259014
WABASH VALLEY - CF
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
Electronic Service Participant – Court Only

Jesse R. Drum
INDIANA ATTORNEY GENERAL
jesse.drum@atg.in.gov

Sierra A. Murray
INDIANA ATTORNEY GENERAL
sierra.murray@atg.in.gov